**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Francisco J. Robinson, | ) | No. CV-12-166-PHX-FJM (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| John W. Hall, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This case arises on Plaintiff's "Notice to the Court That Defendants Have Refused to Comply with This Court's Order of 10/16/2012 Concerning Discovery Disputes Which Affects Court Deadlines," which the Court construes as a motion to compel discovery, and Defendant Hall's Motion to Strike Plaintiff's Notice. (Docs. 19-20)  Plaintiff's motion to compel discovery is untimely, fails to comply with LRCiv 7.2(j) and Rule 37(a)(1), and will be denied.

**I. Background**

On January 25, 2012, Plaintiff Francisco J. Robinson, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a March 6, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint without prejudice because Plaintiff had failed to state a claim. (Doc. 6) On April 4, 2012, Plaintiff filed a three-count First Amended Complaint against Deputy Warden Quency Owens and Sergeant

1  Hall. (Doc. 7) After mandatorily screening the First Amended Complaint per 28 U.S.C. §
2  1915A(a), on May 14, 2012, the Court ordered Defendant Hall to answer Count I of the First
3  Amended Complaint and dismissed the remaining claims and Defendant Owens. (Doc. 8 at
4  1)

5          In Count I, Plaintiff claims that his Eighth Amendment rights were violated when
6  Defendant Hall pulled him from the visitation area and informed him that he was being
7  placed on defecation watch. (*Id.* at 2) In Count I, Plaintiff claims, among other things, that
8  his Eighth Amendment rights were violated when Defendant Hall pulled him from the
9  visitation area and informed him that he was being placed on defecation watch. Plaintiff
10 alleges the handcuffs were too tight but that when he requested they be loosened, Defendant
11 Hall said they were fine. Plaintiff claims that six hours later, another sergeant came by, saw
12 the damage the cuffs were causing and immediately loosened them. (*Id.* at 3) Finally,
13 Plaintiff alleges that he was kept in the storage closet for twenty-six hours, and was forced
14 to lay on the floor with the padlock digging into his back and metal restraints cutting into his
15 wrists. During this time, Plaintiff alleges that he was denied water and not allowed to clean
16 himself after defecating. Plaintiff alleges he suffered nerve damage from the metal restraints
17 and a rash from not being allowed to clean himself.(*Id.* at 3)

18         Defendant John W. Hall filed his Answer on August 20, 2012. On October 16, 2012,
19 the Court entered a Rule 16 Scheduling Order, mandating, among other things, "[d]iscovery
20 disputes must be brought to the attention of the Court in writing after compliance with Rule
21 37(a)(1), Fed.R.Civ.P., and Local Rule ('LRCiv') 7.2(j) by [February 15, 2013]." (Docs. 15
22 at 2)  Plaintiff filed his motion to compel discovery on February 27, 2013, twelve days after
23 the discovery dispute deadline.

24 **II. Rule 16 Scheduling Order**

25         Federal Rule of Civil Procedure 16(b)(4) "provides that a district court's scheduling
26 order may be modified upon a showing of 'good cause,' an inquiry which focuses on the
27 reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6
28 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

1992)). The scheduling order "controls the course of the action unless the court modifies it[]" and Rule "16 is to be taken seriously."  Rule 16(d); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Rule 16 "recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [assigned] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009) (citing *e.g.*, Fed.R.Civ.P. 16(c)(2)), *cert. denied*, _ U.S. _, 129 S.Ct. 2852, 2009 WL 1738654 (2009). "A scheduling conference order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co*., 108 F.R.D. 138, 141 (D. Me. 1985)).

The Ninth Circuit has clarified why the Rule 16 deadlines must be taken seriously by counsel and unrepresented parties:

> [I]n these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005); *Hostnut.Com, Inc.v. Go Daddy Software, Inc*., 2006 WL 2573201, at *3 (D. Ariz., Sept. 6, 2006). "[R]ules are rules - and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a [assigned] judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines." *Singh v. Arrow Truck Sales, Inc*., 2006 WL 1867540, at *2 (E.D. Cal., July 5, 2006). Moreover, the Ninth Circuit is highly protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets, recognizing the importance of a "district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have

1    revealed highly probative evidence, when the [party's] prior discovery efforts were not
2    diligent." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006)
3    ("We hold that the district court was well within its sound discretion when it denied [the
4    party's] motion to reopen discovery."). "The use of orders establishing a firm discovery
5    cutoff date is commonplace, and has impacts generally helpful to the orderly progress of
6    litigation, so that the enforcement of such an order should come as a surprise to no one." *Id*.
7    As the Ninth Circuit has emphasized, "[d]istrict courts have wide latitude in controlling
8    discovery, and [their] rulings will not be overturned in the absence of a clear abuse of
9    discretion." *Id*. (citation and internal quotation marks omitted).

10        Because Plaintiff's discovery motion is untimely under the Scheduling Order,
11   Plaintiff's motion will be denied.

12   **III. Discovery Disputes**

13        Prior to filing a motion to compel discovery, parties must confer in "good faith."
14   Fed.R.Civ.P. 37(a). Rule 37(a)(1) requires that every disputed discovery request "[i]nclude
15   a certification that the movant has in good faith conferred or attempted to confer with the
16   person or party failing to make disclosure or discovery in an effort to obtain it without court
17   action." The Local Rules for the District Court of Arizona also provide that "[a]ny discovery
18   motion brought before the Court without prior personal consultation with the other party and
19   a sincere effort to resolve the matter, may result in sanctions." LRCiv 7.2(j). These rules
20   mandate an unrepresented party or attorney attach a certification that "after personal
21   consultation and sincere efforts to do so," the party or counsel have been unable to
22   satisfactorily resolve the matter.[1]

23   _____

24        [1] LRCiv 7.2(j) provides:

25        No discovery motion will be considered or decided unless a statement of moving
26        counsel is attached thereto certifying that after personal consultation and sincere
         efforts to do so, counsel have been unable to satisfactorily resolve the matter . . . .
27
28   LRCiv 7.2(j).

1    Plaintiff provides no affidavit, declaration, or certification signed under penalty of
2    perjury, detailing his good faith attempts with opposing counsel to resolve the discovery
3    dispute prior to seeking a judicial resolution of the issue. "Personal consultation requires
4    either face-to-face communication or telephone communication. Letters, faxes and e-mails
5    are insufficient." *Hart v. Agnos*, 2008 WL 2008966, at \*7 (D. Ariz., April 25, 2008). For
6    incarcerated litigants, face-to-face communication, faxes and e-mails may be impractical, but
7    Plaintiff could have done more than he did in this case to resolve the issue before seeking a
8    court order. Sending a letter to some person or persons, unidentified in Plaintiff's motion, to
9    "set up a call" to Plaintiff is wholly insufficient and inadequate to meet the requirements of
10   LRCiv 7.2(j). (Doc. 19 at 1)

11   The Ninth Circuit has "[e]xplain[ed], yet again, the importance of following a district
12   court's local rules. 'District courts have broad discretion in interpreting and applying their
13   local rules.'" *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting
14   *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). Because Plaintiff failed
15   to satisfy the District Court's certification requirements for it to consider a discovery dispute,
16   an additional basis exists to deny Plaintiff's motion. *See Sandpiper Resorts Development*
17   *Corp. v. Global Realty Investments*, 2012 WL 2009965 (D. Ariz., June 5, 2012) (plaintiffs'
18   motion to compel denied because there had been no personal consultation in an effort to
19   resolve discovery dispute per Rule 37(a)(1), Fed.R.Civ.P., and LRCiv 7.2(j)); *Reishus v.*
20   *Almaraz*, 2011 WL 109569 (D. Ariz., Jan 12, 2011).

21   For the foregoing reasons,

22   **IT IS ORDERED** that Plaintiff's "Notice to the Court That Defendants Have Refused
23   to Comply with This Court's Order of 10/16/2012 Concerning Discovery Disputes Which
24   Affects Court Deadlines," doc. 19, which the Court construes as a motion to compel, is
25   **DENIED** with prejudice.

26   **IT IS FURTHER ORDERED** that Defendant Hall's Motion to Strike Plaintiff's
27   Notice, doc. 20, is **DENIED** as moot.

28   **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, must use

the above caption, number and initials until further order of the District Court.

Dated this 1st day of March, 2013.

Lawrence O. Anderson
United States Magistrate Judge